*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    517138
_____

In the Matter of the Claim of
    ANDREW FRASER,
                    Appellant,

        v

NYC SCHOOLS CONSTRUCTION ROCIP          MEMORANDUM AND ORDER
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

                    _____


        Law Offices of Joseph Romano, Yonkers (Anthony Brooks-
Morgese of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                    _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 29, 2012, which, among other things, denied
claimant's request for a change of venue.

        Claimant, who resides in Suffolk County, filed a claim for
workers' compensation benefits alleging that he was injured in
the course of his employment as an ironworker in New York City.
Claimant signed a form, provided by his attorneys, that gave him

three choices of hearing venue preference in Westchester County or Rockland County; claimant circled "White Plains."  The Workers' Compensation Board denied the change of venue "request" and assessed a penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii) for seeking review without reasonable grounds.  Claimant appeals, challenging both the denial of venue transfer and the penalty.

Generally, the chair of the Board is authorized to set the time and location for Board hearings (see Workers' Compensation Law § 141; 12 NYCRR 300.7; Matter of Toledo v Administration for Children's Servs., 112 AD3d 1209, 1210 [2013]).  Inasmuch as claimant failed to demonstrate any connection to White Plains and argued only that such requests should be granted to "accommodate . . . the idiosyncrasies of each claimant," the Board properly determined that claimant failed to articulate any justification for a change in venue (see Matter of Toledo v Administration for Children Servs., 112 AD3d at 1210; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]).  Moreover, given the absence of a legitimate basis for seeking the venue change and the fact that the Board had previously rejected several other similar venue change requests by counsel (see e.g. Matter of Stewart v NYC Tr. Auth., 115 AD3d 1046, 1046-1047 [2014]), substantial evidence supports the Board's determination that a penalty was warranted because there was no reasonable basis to support the appeal to the Board (see Matter of Toledo v Administration for Children Servs., 112 AD3d at 1210; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196-1197 [2013]).  Accordingly, we will not disturb the Board's decision.

Stein, J.P., McCarthy, Garry and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court